UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM MERKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MADISON INVESTMENTS, LLC, SIAMAK MADANI, and BARMAK MADANI<br><br>    Defendants. | Case No. 1:24-cv-1058 |

**COMPLAINT**

Plaintiff Abraham Merkin ("**Plaintiff**" or "**Lender**") submits this Complaint against Defendants, Madison Investments, LLC ("**Borrower**"), Siamak Madani, and Barmak Madani (collectively, "**Guarantors**" and collectively with Borrower, "**Defendants**"), and alleges as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Lender is a natural person and a citizen of Maryland.

2. Guarantors are natural persons and citizens of the District of Columbia.

3. On information and belief, Borrower is citizen of the District of Columbia because its only members are Defendant Siamak Madani and Defenant Barmak Madani, who are natural persons and citizens of the District of Columbia.

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper because Defendants are citizens of the District of Columbia and contractually consented to jurisdiction and venue in this Court.

1

## FACTS COMMON TO ALL COUNTS

6. On or about March 18, 2022, Borrower received and Lender funded a one-hundred-thousand-dollar ($100,000), twenty-four (24) month unsecured commercial loan bearing a rate of twelve percent (12%) simple interest (the "**Loan**"). In connection with the Loan, Borrower executed a promissory note (the "**Note**").

7. Also on or about March 18, 2022, as a material inducement for Lender extending the Loan, Guarantors entered into a guaranty in which they unconditionally and irrevocably guaranteed the prompt payment of the Note when due together with all costs incurred by Lender in obtaining or enforcing payment of the Note (the "**Guaranty**").

8. A true and accurate copy of the Note and Guaranty is attached hereto as **Exhibit 1**.

9. Borrower was required to repay the Note in a lump sum of $100,000 with interest of $24,000 on March 18, 2024, the date that is twenty-four months from the date of the Note. Ex. 1 at § 1. Borrower, however, did not repay the Note on or prior to the maturity date.

10. On April 2, 2024, Lender's counsel sent Borrower a notice of default and demand for payment ("**Notice of Default**") in accordance with Sections 3 and 9 of the Note. A true and accurate copy of the Notice of Default is attached hereto as **Exhibit 2**.

11. More than five (5) days have passed since Borrower's receipt of such Notice of Default. To date, however, Lender has not received any payments on the Loan.

12. Pursuant to the Note, Borrower shall pay costs, fees, and expenses, including reasonable attorney's fees, resulting from Lender's enforcement of the Note. Ex. 1 § 5.

13. Pursuant to the Guaranty, Guarantors are jointly and severally liable for the Loan principal, accrued interest, and costs, fees, and expenses, including reasonable attorney's fees, arising from enforcement of the Note.

## COUNT I: BREACH OF CONTRACT
### (Borrower)

14. Lender realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

15. The Note is a valid and enforceable contract between Lender and Borrower.

16. Lender fully performed its obligations to Borrower in connection with the Loan.

17. Borrower defaulted under the Note by failing to repay the Loan on the maturity date and after receiving Lender's Notice of Default.

18. As a result, Borrower is liable for $100,000 in principal, interest accruing beginning on March 18, 2022 at $32.88 per day (which $12,000 annual simple interest divided by 365 days), and Lender's costs, fees, and expenses, including reasonable attorney's fees, arising from enforcement of the Note.

WHEREFORE, Lender requests this Court enter judgment in its favor and against Borrower, and award Lender (i) monetary damages in excess of $75,000, (iii) pre- and post-judgment interest, (iii) costs, expenses, and reasonable attorneys' fees, and (iv) all other appropriate relief that this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT
### (Guarantors)

19. Lender realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

20. The Guaranty is a valid and enforceable contract between Lender and Guarantors.

21. Lender fully performed its obligations in connection with the Loan.

22. Borrower defaulted under the Note by failing to repay the Loan on the maturity date and after receiving Lender's Notice of Default.

23.     As a result, Guarantors are jointly and severally liable for $100,000 in principal, interest accruing beginning on March 18, 2022 at $32.88 per day (which $12,000 annual simple interest divided by 365 days), and Lender's costs, fees, and expenses, including reasonable attorney's fees, arising from enforcement of the Note.

WHEREFORE, Lender requests this Court enter judgment in its favor and against Guarantors, and award Lender (i) monetary damages in excess of $75,000, (iii) pre- and post-judgment interest, (iii) costs, expenses, and reasonable attorneys' fees, and (iv) all other appropriate relief that this Court deems just and proper.

Dated: April 12, 2024               Respectfully Submitted,

                                    /s/  Steven J. Willner
                                    Steven J. Willner, Bar# 888230698
                                    Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
                                    One South Street, 27th Floor
                                    Baltimore, Maryland 21202
                                    sjw@nqgrg.com
                                    410-332-8542 (Direct)
                                    410-332-8551 (Fax)

                                    *Attorneys for Abraham Merkin*